**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____ x

RAYMOND A. CONTA, an individual; on
behalf of himself and all others similarly
situated,

                      Plaintiff,

        vs.

AMERASSIST A/R SOLUTIONS, INC. JOHN
AND JANE DOES NUMBERS 1 THROUGH
25, BEING FICTITIOUS NAMES OF
UNIDENTIFIED PERSONS WHO CONTROL
THE POLICIES AND PRACTICES INVOKED
BY AMERASSIST A/R SOLUTIONS and
JOHN G. NEAL,

                  Defendants.

_____ x

CASE NO.

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF
THE FEDERAL FAIR DEBT
COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

'10 CIV 08665

*JUDGE SEIBEL*

FILED
U.S. DISTRICT COURT
2010 NOV 17 A 10
S.D. OF N.Y.

## I. PRELIMINARY STATEMENT

1.     Plaintiff, RAYMOND A. CONTA, on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the above-named Defendants who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2.     The Plaintiff alleges that AMERASSIST A/R SOLUTIONS, INC. collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has

determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

6.      The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiff, on behalf of himself and all others similarly situated, requests that he and the class members be awarded statutory damages payable by the Defendants.

## II. PARTIES

7.      Plaintiff is a natural person.

8.      At all times relevant to this complaint, Plaintiff was a citizen of, and resided in, the Town of Chappaqua, Westchester County, New York.

9.      At all times relevant to this complaint, Defendant AMERASSIST A/R

SOLUTIONS, INC. (hereinafter "Defendant AARS") is, upon information and belief, a corporation existing pursuant to the laws of the State of Ohio. Defendant AARS maintains its principal business address at 460 Polaris Parkway, Westerville, Ohio.

10.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

11.     The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendant AARS that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by AARS and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

12.     The Defendant JOHN G. NEAL (hereinafter "Defendant NEAL") is, upon information and belief, an attorney duly admitted to practice law within the State of Ohio. The Defendant NEAL maintains a law office located at 5336 Cascade Drive, Powell, Ohio.

### III. JURISDICTION & VENUE

13.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1332.

14.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within

this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV.  FACTS CONCERNING PLAINTIFF

15.     Sometime prior to August 3, 2010, the Plaintiff engaged an entity doing business as All American Custom Pool & Spas to provide certain pool services at his residential home located in Chappaqua, New York.

16.     In conjunction with said pool services, the Defendant AARS alleges that the Plaintiff incurred a financial obligation that arose out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

17.     Defendant AARS contends that the Plaintiff is in default of an alleged debt owed to the pool company identified in paragraph 15 heretofore herein.

18.     The alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

19.     The Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

20.     The Plaintiff is informed and believes, and on that basis alleges, that sometime prior to August 3, 2010, the pool services entity described in paragraph 15 either directly or through intermediate transactions assigned, placed, transferred, or sold the alleged debt to the Defendant AARS for collection.

21.     AARS collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

22.     AARS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23.     On August 3, 2010, the Defendant AARS sent a letter to the Plaintiff in the attempt to collect the alleged pool services debt described in paragraph 15 heretofore herein. A copy of said letter is attached hereto as Exhibit "A".

24.     In response to said August 3, 2010 letter, the Plaintiff sent a letter dated August 23, 2010 to the Defendant AARS. Therein the Plaintiff advised the Defendant that he disputed the alleged pool services debt and further requested verification of the alleged debt. A copy of said dispute and request for verification letter is attached hereto as Exhibit "B".

25.     Pursuant to the FDCPA, a debt collector must cease collection activities on the date it receives a written request for verification of an alleged debt from a consumer who has previously received a debt collection letter from the debt collector. Said ceasing of collection activities must remain in effect until the requested verification is provided to the consumer.

26.     Despite the FDCPA requirements described in paragraph 25 heretofore herein, and without first providing verification of the alleged debt to the Plaintiff as per his written request for same, the Defendant AARS mailed another debt collection letter to the Plaintiff in the attempt the alleged pool services debt described in paragraph 15. A copy of said collection letter, and a copy of the envelop in which said letter was mailed, is attached hereto as Exhibit "C".

27.     The second letter, sent under the heading "AMERIGRAM MESSAGING SERVICE **PRIORITY LETTER,** states (in part) **"Urgent! .......Your account will automatically be reported to a nationwide credit bureau if payment in full is not received,**

**or you fail to contact our office immediately. Credit information reported to the bureau will remain on your record for up to seven (7) years**........Your credit standing can be maintained by enclosing this communication with your remittance or by making immediate payment arrangements."

28.     The statements contained in said second letter, under the letterhead contained in said letter, all create a false sense of urgency.

29.     The statements concerning the effect upon Plaintiff's credit record upon failure to tender immediate payment, is false, deceptive and misleading in that a consumer may undertake steps to remove negative information placed upon his credit report. As written, the statements set forth in the second letter convey the false impression that a consumer may not undertake legal steps to remove negative information from his credit report.

30.     In addition to the two letters described heretofore herein, the Plaintiff received a third collection letter dated September 14, 2010. Said collection letter was sent under the letterhead of the Defendant Neal. A copy of said letter, and a copy of the envelop in which said letter was mailed, is attached hereto as Exhibit "D" .

31.     The letter sent under the letterhead of the Defendant Neal is written in "first person" in order to falsely convey the impression that the Defendant Neal had created, reviewed and signed said letter when, in fact, the Defendant Neal did not either create nor review nor sign the subject letter.  Upon information and belief, said letter was actually generated and sent  by the Defendant AARS.

## V. POLICIES AND PRACTICES COMPLAINED OF

32.     It is Defendant's policy and practice to:

a)   Send debt collection letters to consumers which contain false, deceptive and

misleading statements and;

b) to ignore requests from consumers for verification of alleged debts and to otherwise continue debt collection activities before providing verification of alleged debts to consumers who so requested verification of alleged debts and;

c) to send debt collection letters to under the letterhead and signature of the Defendant Neal in order to falsely deceive consumers into believing that an attorney at law was actively participating in attempt to collect alleged debts when, in fact, no such attorney participation occurred as of the debt said letters were sent.

## VI.  CLASS ALLEGATIONS

33.     This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

34.     This claim is brought on behalf of three Plaintiff Classes, consisting of the following classes:

(a)     all persons, with addresses in the State of New York, who received a debt collection letter from the Defendant AARS and, in response thereto, sent a written request to the Defendant AARS for verification of the particular debt set forth in the collection letter sent by the Defendant AARS;

(b)     all persons, with addresses in the State of New York, who received a collection letter identical in form to the collection letter attached as Exhibit "B" hereto;

(c)     all persons, with addresses in the State of New York, who received a collection

letter identical in form to the collection letter attached as Exhibit "C" hereto;

35.     The identities of all class members are readily ascertainable from the records of the Defendant AARS and those companies and governmental entities on whose behalf it attempt to collects debts.

36.     Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

37.     There are questions of law and fact common to each of the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants use false, deceptive and/or misleading debt collection practices during attempts to collect alleged personal debts

38.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

39.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorney has any interests, which might cause them not to vigorously pursue this action.

40.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that

each of the Plaintiff Classes defined above are so numerous that joinder of all members in each class would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants used false, deceptive and/or misleading debt collections practices during attempts to collects alleged personal debts.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of each of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members of each class insofar as Plaintiff has no interests that are adverse to the absent members of each class. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

(f)      Certification of each class under Rule 23(b)(3) of the Federal Rules of Civil

Procedure is also appropriate in that the questions of law and fact common to

members of each class predominate over any questions affecting an individual

member of each class, and a class action is superior to other available methods for

the fair and efficient adjudication of the controversy.

## VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

41.      Plaintiff realleges and incorporates by reference the allegations in the preceding

paragraphs of this Complaint.

42.      Defendants violated the FDCPA. Defendants' violations are all based upon 15

U.S.C. sec. 1692e in that false, deceptive and misleading debt collection practices were invoked

by the Defendants in regard to the attempts to collect alleged personal debts.

## VIII.  PRAYER FOR RELIEF

43.      WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his

favor and in favor of the Plaintiff Class as follows:

A.      **For the FIRST CAUSE OF ACTION:**

(i)      An order certifying that the First Cause of Action may be maintained as a class

pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing the

Plaintiff and the undersigned counsel to represent the Plaintiff Classes as

previously set forth and defined above.

(ii)      An award of the maximum statutory damages pursuant to 15 U.S.C. §

1692k(a)(B);

(iii)   Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §

1692k(a)(B)(3); and

(iv)   For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:      Haines Falls, New York
            October 19, 2010

_____

ROBERT L. ARLEO, ESQ. (RA-7506)
164 Sunset Park Road
Haines Falls, NY 12436
Telephone:  (518) 589-5264
Facsimile:  (518) 751-1801

*Attorney for Plaintiff, Raymond A. Conta, and*
*all others similarly situated*

-11-

**EXHIBIT "A"**



# AmeraAssist®

**A / R  S O L U T I O N S,  I N C.**
P.O. Box 26095 / Columbus, OH 43226 / 614-431-3888

# CLAIM NOTICE

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.



**CREDITOR**
All American Custom Pool & Spas
225 Main Street
Norwalk, CT 06851

**DATE**
August 3, 2010

**REGIONAL OFFICER**
Marshall E. Kinney, Collection Officer

**DEBTOR**
ACCT #: 1855772
Costa, Raymond
30 Pebblebrook Way
Chappaqua, NY 10514-3054

**AMOUNT DUE**
| | |
|---|---|
| Amount Claimed | $15,051.16 |
| Client Collection Charge | |
| Total Due | $15,051.16 |

*- Protect Your Credit By Remitting The Total Due -*

Your account has been listed with our office for collection by the above referenced creditor. If the total due is paid in full, all collection activity will be stopped.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record will be submitted to a nation-wide credit reporting agency if you fail to fulfill your credit obligations. Full payment will prevent additional costs and further proceedings.

*- See reverse side for important consumer information -*

**CLAIM NOTICE**                                                                 Español en el reverso



ACCT #: 1855772
All American Custom Pool & Spas
Costa, Raymond

Make check or money order payable to:

AmerAssist A/R Solutions
460 Polaris Pkwy
Westerville, OH 43082

| AMOUNT DUE | |
|---|---|
| Amount Claimed | $15,051.16 |
| Client Collection Charge | |
| Total Due | $15,051.16 |
| Total Paid | |

© Copyright 2009 AmerAssist AR Solutions, Inc.

02-02-S-P/ 02144

**EXHIBIT "B"**

Raymond A. Conta
36 Pebblebrook Way
Chappaqua, NY 10514

August 23, 2010

AmerAssist A/R Solutions
460 Polaris Pkwy
Westerville, OH 43082

Re:     Acct – 185572
        All American Custom Pool & Spas

Dear Sir,

Please be advised that the above debt is disputed and has been disputed with the owner of
the company since originally receiving the first invoice.

As you are aware the FDCPA requires that you provide me with verification of the debt if
requested within 30 days. Please provide the undersigned with verification of this debt.

Please note that any action taken with regard to my credit report as suggested in the letter
will be met with any and all legal remedies available to me.

Sincerely,

Raymond A. Conta

**EXHIBIT "C"**

AmerAssist A/R Solutions
P.O. Box 26095
Columbus, OH 43226



AMERAGRAM | **PRIORITY LETTER**
MESSAGING SERVICE

★

| | ACCOUNT IDENTIFICATION |
|---|---|

Transmitter No.     ACCT - 185572
Creditor No.

**All American Custom Pool & Spas**
**225 Main Street**
**Norwalk, CT 06851**

6714467A   041 6444230   0000099/0003

**Conta, Raymond**
**36 Pebblebrook Way**
**Chappaqua, NY 10514-3054**

| | |
|---|---|
| **Amount Claimed:** | **$15,051.16** |
| **Client Collection Charge:** | |
| **Total Due:** | **$15,051.16** |

**Urgent!** Your continued failure to respond to our repeated requests for payment of the above obligation will compel us to resort to additional collection action to collect this debt. If you cannot remit payment in full you must contact us immediately at (614) 431-3888 to discuss your options.

**Your account will automatically be reported to a nationwide credit bureau if payment in full is not received, or you fail to contact our office immediately. Credit information reported to the bureau will remain on your record for up to seven (7) years.**

Your credit standing can be maintained by enclosing this communication with your remittance or by making immediate payment arrangements. Neglect ruins more credit than dishonesty.

This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Marshall Finney,
Regional Collection Officer

- See reverse side for important consumer information -

© Copyright 2009 AmerAssist A/R Solutions, Inc.

05-08-S-P/ 67144

P.O. Box 26095
Columbus, OH 43226





# AMERAGRAM
## MESSAGING SERVICE | PRIORITY LETTER

## TIME SENSITIVE MATERIAL - PLEASE OPEN IMMEDIATELY!

★

6714467A   041 6444230   0000099/0003

Conta, Raymond
36 Pebblebrook Way
Chappaqua, NY 10514-3054



TRACKING CODE 1489603725

1. Approval Code:
   7205

2. Document Number
   M 00124 141488202

3. Instructions:
   CONFIRMATION
   OF RECEIPT
   REQUESTED

**EXHIBIT "D"**

*John G. Neal*
## Attorney At Law
### P.O. Box 1596, Powell, OH 43065-1596

| | Account Identification: |
|---|---|

Date: September 14, 2010

All American Custom Pool & Spas
225 Main Street
Norwalk, CT  06851

40144/40/  041 6538148  0000082/0002

| | |
|---|---|
| **Amount Claimed** | **$15,051.16** |
| **Client Collection Charge** | |

ACCT - 185572
Conta, Raymond
36 Pebblebrook Way
Chappaqua, NY 10514-3054

| | |
|---|---|
| **TOTAL DUE** | **$15,051.16** |

I serve as Outside Counsel for AmerAssist A/R Solutions, Inc., which is a national collection agency.  My responsibilities include advising on the collection process and matters of corporate law.

Take notice that your account for the above referenced creditor has been listed for collection with AmerAssist. Although duly demanded, the same has not yet been paid.  It is important that you resolve this matter to avoid additional costs and further collection efforts.

Do not consider this letter a notification of my intent to sue, since I do not have the legal authority to do so. If brought, suits are processed locally by corresponding collection counsel.  I have not, and will not review each detail of your account status, unless you so request.

For your convenience we will accept your payment by phone through electronic check.  If you have questions or need to make payment arrangements, please contact AmerAssist's office at (614) 431-3888.

Remit your payment using the attached coupon in the enclosed envelope to ensure proper credit on your account.

*John K Neal*

John G. Neal

- See Reverse Side For Important Consumer Information -      Español en el reverso
This is an attempt to collect a debt, and any information obtained will be used for that purpose.

---

ACCT - 185572
**All American Custom Pool & Spas**
**Conta, Raymond**

Make check or money order payable to:

**AmerAssist A/R Solutions**
**460 Polaris Pkwy**
**Westerville, OH  43082**

| | | |
|---|---|---|
| **Amount Claimed** | | **$15,051.16** |
| **Client Collection Charge** | | |
| **TOTAL DUE** | | **$15,051.16** |
| **TOTAL PAID** | | |

© Copyright 2009 AmerAssist A/R Solutions, Inc.

00-06-S-P

SEP-24-2010   16:47

**First Class**

*IMPORTANT NOTICE*

PRESORTED
FIRST CLASS

U.S. POSTAGE
PAID
ZIP 43065
21 08506818

1 05 14 3 3054

P.O. Box 26065
Columbus, OH 43226

*John G. Neal*
Attorney At Law
P.O. Box 1596, Powell, OH 43065-1596

Date: September 14, 2010

403144041: 041 65381:48   D606082-0002

ACCT - 185572
Conta, Raymond
36 Pebblebrook Way
Chappaqua, NY 10514-3054



---

**Account Identification:**

All American Custom Pool & Spas
225 Main Street
Norwalk, CT  06851

| | |
|---|---|
| Amount Claimed | $15,051.16 |
| Client Collection Charge | |
| **TOTAL DUE** | **$15,051.16** |

TOTAL P.001